106 F.3d 411
 Bankr. L. Rep. P 77,500
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 In re Dennis R. WALSH, Debtor.
Dennis R. WALSH, dba Sebastopol Apple Growers United dba
Sagu, Inc., Plaintiff-Appellee,
v.
Rodney BEARD, dba Beard's Quality Nut Company, Defendant-Appellant.
 
 1
 No. 95-15667.
 
 
 2
 United States Court of Appeals, Ninth Circuit.
 
 Argued and Submitted Dec. 12, 1996.
Decided Dec. 27, 1996.
 
 3
 Before: BROWNING, SKOPIL, and BRUNETTI, Circuit Judges
 
 
 4
 MEMORANDUM*
 
 
 5
 The parties are familiar with the facts, so we will not restate them.
 
 I.
 
 6
 The bankruptcy court had jurisdiction over Dennis Walsh's lawsuit against Rodney Beard. See 28 U.S.C. § 157. While Beard injured Central Valley Apple Packing, a non-debtor, he also injured Walsh's bankruptcy estate by violating the automatic stay. Walsh asked the bankruptcy court to adjudicate the automatic stay action, not Central Valley's tortious interference claim.
 
 II.
 
 7
 Walsh gave Beard sufficient notice of the automatic stay claim by giving him a fair idea of the factual and legal basis for the claim. See Self Directed Placement Corp. v. Control Data Corp., 908 F.2d 462, 466 (9th Cir.1990). Walsh alleged in his complaint that Beard had violated the automatic stay by refusing him and Central Valley access to the packing line. (ER 2, 21.) He also asserted that Beard's behavior kept him from reassembling the line at a new location and increased his moving costs. (Id.)
 
 
 8
 Because the complaint gave Beard fair notice of Walsh's automatic stay claim, Walsh was entitled to appropriate relief as the prevailing party, even if he did not pray for it. See Electrical Constr. & Maintenance Co. v. Maeda Pac. Corp., 764 F.2d 619, 622 (9th Cir.1985); see also Fed.R.Civ.P. 54(c); Bankr.R. 7054(a).
 
 III.
 
 9
 The bankruptcy court did not abuse its discretion by allowing Beard to conduct only limited discovery after the discovery cutoff date had passed. Beard admits that he conducted no discovery before the discovery cutoff date, and this court has held that denying discovery to parties who have not diligently sought it is not an abuse of discretion. See Sopcak v. Northern Mountain Helicopter Serv., 52 F.3d 817, 819 (9th Cir.1995).
 
 IV.
 
 10
 The bankruptcy court did not abuse its discretion when it denied Beard's motion to continue the trial. Because the bankruptcy court granted Walsh's motion to strike the counter-claim, conducting discovery regarding the counter-claim would have been useless. Furthermore, Walsh did not include any new factual allegations in his amended complaint; he simply added a request for punitive damages. Because the basis for Walsh's automatic stay claim did not change, Beard did not need significant additional trial preparation time.
 
 V.
 
 11
 The bankruptcy court did not err in finding that Beard violated the automatic stay. Under California law, Walsh, the owner of the packing line, had a property interest in the line even though Central Valley had leased the right to use and possess it. See J.S. Potts Drug Co. v. Benedict, 104 P. 432, 436 (Cal.1909). He also had a property interest in the proceeds that the packing line generated because he was contractually entitled to $1 for every box of produce packed on the line.
 
 
 12
 By refusing Walsh and Central Valley access to the packing line, Beard exercised control over Walsh's property and interfered with Central Valley's right to possess the line. The exercise of control over the packing line violated the automatic stay. See 11 U.S.C. § 362(a)(3).
 
 
 13
 The fact that Beard exercised only temporary control over property of the estate does not negate a finding that he violated the automatic stay. See Chugach Timber Corp. v. Northern Stevedoring & Handling Corp. (In re Chugach Forest Prods., Inc.), 23 F.3d 241, 244 (9th Cir.1994). His actions undermined the purpose of the stay by precluding the bankruptcy estate from receiving proceeds from the packing line. Walsh's undisputed testimony was that these funds were necessary to his reorganization. (RT 78:24-79:1.) Therefore, the loss of these funds impeded his reorganization. Additionally, Beard's actions damaged other creditors who might have received a share of the proceeds from the packing line.
 
 VI.
 
 14
 The damage award was not clearly unsupported by the evidence or grossly excessive. Evidence in the record shows that Walsh's damages were not speculative. A Pacific West representative testified that he had at least 100,000 boxes of fruit for Central Valley to pack. (RT 145.) Central Valley had agreed to give Walsh $1 for each box it packed. (SER 10.) Walsh's damages were causally connected to Beard's actions. The Pacific West representative testified that he terminated his agreement with Central Valley because Beard's actions made the timing of the packing line move uncertain. (ER 80-81, 86.) Beard could have foreseen that Walsh would lose revenue if he was unable to move the packing line and reassemble it. Finally, because Beard continued to interfere with the effort to remove the packing line after the bankruptcy court issued a restraining order, Central Valley could not represent to Pacific West in good faith that it could deliver the packing line in a timely manner.
 
 
 15
 The bankruptcy court had evidentiary support for its decision to award punitive damages. The record shows that Beard behaved egregiously. He lied about having obtained a court order, attempted to commit bribery, and continued to exert control over the packing line after the bankruptcy court issued an order enjoining him from doing so.
 
 
 16
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3