106 F.3d 411
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Billy WILLS, Plaintiff-Appellant,
v.
Shirley S. CHATER, Secretary, Commissioner of the Social
Security Administration, Defendant-Appellee.
 No. 95-35937.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 10, 1997.*
Decided Jan. 14, 1997.
 
 Before: ALDISERT,** PREGERSON, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 The parties are familiar with the facts of this case, and we will not restate them here. The issue presented in this appeal is whether the doctrine of res judicata bars Wills' claim for disability benefits.
 
 
 3
 This court reviews a district court's order upholding the Commissioner's denial of benefits de novo. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir.1996). The scope of appellate review, however, is limited: we will affirm the Commissioner's decision if substantial evidence supports that decision and the Commissioner applied the correct legal standards. Id. After a thorough examination of the record and the briefs, we affirm.
 
 Res Judicata
 
 4
 If the Social Security Administration has previously denied a claimant's application for disability benefits, the doctrine of res judicata may bar a claimant from raising the same claim again. Lester v. Chater, 81 F.3d 821, 827 (9th Cir.1996). Unless a claimant can show changed circumstances, an ALJ's determination that a claimant is not disabled "creates a presumption that the claimant continued to be able to work after that date." Id. (quoting Miller v. Heckler, 770 F.2d 845, 848 (9th Cir.1985) (internal brackets omitted)); see also Taylor v. Heckler, 765 F.2d 872, 875 (9th Cir.1985).
 
 
 5
 Prior to these proceedings, Bill Wills had applied for disability benefits in 1990. Because an ALJ determined in December 1991 that Wills was not disabled, our sole query is whether Wills has shown changed circumstances since December 1991. We find that he has not.
 
 
 6
 Initially, it bears noting that Wills has alleged no new injuries, re-injuries or new aggravations with respect to his back--the injuries to which provide the crux of his claim. A review of Wills' medical records reveals only one change in his back condition since the 1991 denial of benefits: a "mild increase in disk height at L4-L5." There is no indication from any doctor that this mild increase caused Wills to experience more pain or that it caused any decrease in functional ability. Other than this mild increase in disk height, Wills' medical reports indicate no change--and certainly no disabling change--from 1991 to 1993.
 
 
 7
 The only other change of circumstances suggested by Wills' medical records is "[p]ossible carpal tunnel syndrome," (a condition affecting the hands and wrists) reported on July 23, 1993. This alone, however, is an inadequate basis for granting benefits. First, the treating physician suggested only that it was a possibility: the only test recorded indicated "Negative Tinel's sign at the carpal tunnel," and the doctor indicated that Wills had full range of motion in his wrists. Second, there is no mention of this problem in any later visit to the same doctor or any previous visit to any doctor. Third, a doctor's report only three months earlier indicated no feeling or handling limitations. Finally, Wills' applications for benefits mention only problems with his back, hip, and left arm.
 
 
 8
 Because Wills has failed to show any disabling changes in his condition since his 1991 hearing, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 Honorable Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3