106 F.3d 411
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Darius Jeffrey WILLIAMS, Defendant-Appellant.
 No. 96-30076.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 12, 1996.
Decided Jan. 15, 1997.
 
 Before: NOONAN, THOMPSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Williams argues that the judge's finding that he delivered crack was clearly erroneous. But the judge's inferences from the fact that the crack was dry and cut were reasonable, and his conclusion that the February 9 delivery was of crack was not clearly erroneous. Similarly, the judge's inference from Williams's fingerprint on the jar and the tape that Williams recognized his obligation to deliver crack, and "rocked up" the powder he brought over on February 24, was not clearly erroneous.
 
 
 3
 The district judge recognized he could depart downward for sentencing entrapment, United States v. Staufer, 38 F.3d 1103 (9th Cir.1994), but concluded that this case fell within the heartland of the guideline, and was "unremarkable." The discretionary decision not to depart downward is unreviewable. United States v. Berger, --- F.3d ----, slip op. 15401, 15406 (9th Cir.1996). As for departing downward because the crack sentence is too high relative to the powder sentence, Congress considered and rejected this argument. Though Koon in some respects broadens the departure authority that district courts were understood to have before that case came down, we agree with the district judge that he did not have authority to reject the Congressional determination. Berger, id. at 15409.
 
 
 4
 Williams's argument that the distinction and penalty ratio between crack and powder cocaine are irrational must be rejected under United States v. Jackson, 84 F.3d 1154 (9th Cir.1996). Furthermore, under Jackson, we must reject Williams's scientific argument concerning the ambiguity of the term "cocaine base."
 
 
 5
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3