106 F.3d 411
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Celso TEJEDA-LARIOS, Defendant-Appellant.
 No. 95-30226.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 8, 1997.*
Decided Jan. 17, 1997.
 
 Before: ALDISERT**, PREGERSON, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Celso Tejeda-Larios appeals a jury conviction for unlawful possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1), and unlawful possession of a firearm by an illegal alien, 18 U.S.C. § 922(g)(5). He alleges that the district court erred in denying his motion for a judgment of acquittal because the evidence was insufficient to prove that the firearm he possessed had travelled in interstate commerce. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 ANALYSIS
 
 3
 The standard of review for a motion for judgment of acquittal is "whether the evidence, considered favorably to the government, was such as to permit a rational conclusion by the jury that the accused was guilty beyond a reasonable doubt." United States v. Gann, 732 F.2d 714, 725 (9th Cir.1984).
 
 
 4
 Tejeda-Larios was convicted for unlawful firearm possession under 18 U.S.C. § 922(g)(1) and (g)(5), which make it illegal for a convicted felon or an illegal alien to "possess in or affecting [interstate] commerce, any firearm or ammunition." 18 U.S.C. § 922(g)(1), (5). Tejeda-Larios argues that the evidence presented to the jury left a reasonable doubt as to whether the gun he possessed had in fact travelled in interstate commerce so as to be possessed "in or affecting" interstate commerce.
 
 
 5
 At trial, the jury had a chance to examine the gun found in Tejeda-Larios' possession. An inscription on the gun reads: "Before using the gun--read warnings in instruction manual available free from Sturm, Ruger & Co., Inc., Southport, Conn. USA." The district court found that this inscription was enough to support a rational conclusion by the jury that Tejeda-Larios' gun had been manufactured in Connecticut and later travelled to Oregon.
 
 
 6
 The district court was correct. A rational jury could conclude beyond a reasonable doubt that since the gun owner could obtain an instruction manual in Connecticut, the gun manufacturer was located in Connecticut. Having concluded that the gun was manufactured out of state, the jury could then find that the gun had travelled in interstate commerce into Oregon. United States v. Robbins, 579 F.2d 1151, 1153 (9th Cir.1978) (evidence that pistol was manufactured in Connecticut and possessed by defendant in Washington justifies inference that pistol had travelled in interstate commerce so as to be possessed "in commerce or affecting commerce" under 18 U.S.C.App. § 1202(a), forerunner statute to § 922(g)).
 
 CONCLUSION
 
 7
 We find that the evidence, considered favorably to the government, permitted a rational jury to conclude beyond a reasonable doubt that the firearm in Tejeda-Larios' possession travelled in interstate commerce. The "interstate commerce" element of 18 U.S.C. § 922(g)(1) and (g)(5) is therefore satisfied, and the district court correctly denied Tejeda-Larios' motion for a judgment of acquittal.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3