106 F.3d 411
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ronald WOLF, Plaintiff-Appellant,
v.
ROYAL INSURANCE COMPANY OF AMERICA, a/k/a Royal Insurance
Co., Defendant-Appellee.
 No. 95-15366.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1995.*
Decided Jan. 22, 1997.
 
 Before: SNEED, TROTT, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ronald Wolf ("Wolf") appeals pro se the district court's order awarding him pre-judgment interest in his diversity action against Royal Insurance Company ("Royal") alleging breach of contract and breach of the implied covenant of good faith and fair dealing. Wolf contends that the district court erred by determining that he was entitled to pre-judgment interest from the date Royal denied his claim, not from the date of his loss. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.[1]
 
 
 3
 In the underlying action, Wolf successfully sued Royal for breach of contract in connection with Royal's denial of coverage for the loss of Wolf's boat. Wolf requested pre-judgment interest commencing from the date of his loss. The district court awarded Wolf pre-judgment interest commencing from the date Royal denied Wolf's claim.
 
 
 4
 We agree with the district court that under California law, Wolf was entitled to pre-judgment interest commencing from the date Royal denied his claim, not from the date of his loss. See Cal.Civ.Code § 3287; Slobojan v. Western Travelers Life Ins. Co., 450 P.2d 271, 278 (Cal.1969); Greenfield v. Insurance Inc., 97 Cal.Rptr. 164, 170 (Cal.Ct.App.1971) Executive Aviation, Inc. v. National Ins. Underwriters, 94 Cal.Rptr. 347, 353 (Cal.Ct.App.1971). We agree with Wolf, however, that he is entitled to prejudgment interest from April 23, 1992, the date on which Royal filed its formal answer in this action.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because this case arose under the district court's diversity jurisdiction, the law of California applies. See Mutuelles Unies, 957 F.2d at 414; National Union Fire Ins. Co. v. Engineering-Science, Inc., 884 F.2d 1208, 1210 (9th Cir.1989)