106 F.3d 411
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dennis Chris SCHUKAY, Defendant-Appellant.
 No. 96-35481.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 21, 1997.*
Decided Jan. 23, 1997.
 
 Before: O'SCANNLAIN, LEAVY, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dennis Chris Schukay, a federal prisoner, appeals pro se the district court's order granting his 28 U.S.C. § 2255 motion and vacating the eight-month term of imprisonment imposed as a condition of his probation in violation of 18 U.S.C. § 3561(a)(3). The government contends that the notice of appeal was untimely. Schukay contends that the district court erred by vacating his eight-month term of imprisonment rather than his five-year term of probation. We affirm.
 
 
 3
 The government contends that the notice of appeal was untimely because Schukay did not file it within ten days after the district court's order. This contention lacks merit because an appeal from a ruling on a 28 U.S.C. § 2255 motion is a civil appeal. See United States v. Angelone, 894 F.2d 1129, 1131 (9th Cir.1990); Fed.R.App.P. 4(a)(1) (60-day limit for civil appeals in which United States is party).
 
 
 4
 Schukay contends that the district court should have vacated his term of imprisonment rather than his term of probation because when he was released from prison, he already had served almost all of his eight-month term, and thus was subject to both imprisonment and probation for the same offense. He relies on 18 U.S.C. § 3561(a)(3), which provides as follows: "A defendant who has been found guilty of an offense may be sentenced to a term of probation unless ... the defendant is sentenced at the same time to a term of imprisonment for the same ... offense." Schukay's judgment provides that "[a]s a condition of probation [he] is [to] serve a term of 8 months." Relying on 18 U.S.C. § 3561(a)(3) and on 18 U.S.C. § 3563(b)(10) and U.S.S.G. § 5C1.1(c)(3), which permit only "intermittent," rather than "straight," confinement as a condition of probation, the district court concluded that the eight-month term of imprisonment was an illegal condition of Schukay's probation. The remedy for an illegal probation condition is to vacate the condition. United States v. Green, 735 F.2d 1203, 1205 (9th Cir.1984).
 
 
 5
 Accordingly, we AFFIRM the district court's order.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3