106 F.3d 411
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Leon Michael SHIELDS, Defendant-Appellant.
 No. 96-15504.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 21, 1997.*
Decided Jan. 23, 1997.
 
 Before: O'SCANNLAIN, LEAVY, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Leon Michael Shields, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging his jury conviction for being a felon in possession of a firearm. Shields contends that his second counsel was ineffective, because she failed to file a motion to suppress the firearms and subpoena a key witness. We have jurisdiction pursuant to 28 U.S.C. § 2255. We review de novo, United States v. Span, 75 F.3d 1383, 1387 (1996), and affirm.[1]
 
 
 3
 Shields contends that counsel was ineffective because she failed to investigate his allegations and file a motion to suppress the evidence.
 
 
 4
 To prevail on a claim of ineffective assistance, a defendant must show both that his counsel's performance was deficient and that this prejudiced his case. Strickland v. Washington, 466 U.S. 668, 688 (1984). If it is possible to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, the court may do so without examining the performance prong. Id. at 697.
 
 
 5
 Prior to the first trial, Shield's attorney filed a motion to suppress the evidence. The magistrate judge conducted an evidentiary hearing and found that the Las Vegas Metropolitan Police Department had probable cause to search the apartment; Shields had no expectation of privacy in the locked box, because he did not exercise any control over the apartment; Shields's consent to search the box was voluntary; and his statements to the police were admissible because he waived his right to remain silent. The first trial ended in a hung jury. On retrial, Shields had a different attorney who did not file a suppression motion.[2]
 
 
 6
 Because it was determined at the evidentiary hearing that Shields lacked standing to challenge the search of the apartment, Shields cannot show prejudice. See id. at 688. Accordingly, the district court did not err by finding that Shields received effective assistance from his second attorney. See id.
 
 
 7
 Shields also contends that Michael Kelly's consent to search the apartment was invalid because he used the false last name of Houston when signing the consent card. This claim lacks merit. Michael Kelly's full name is Michael Houston Kelly. Although Kelly did not tell the police his last name, he still had standing to consent to the search, since he resided in the apartment. See United States v. Zermeno, 66 F.3d 1058, 1062 (9th Cir.1995). Therefore, Kelly's consent was valid. Id. Again, the district court did not err by finding that counsel was effective, because Shields cannot show prejudice. See Strickland, 466 U.S. at 688.
 
 
 8
 Finally, Shields contends that counsel was ineffective because she failed to subpoena Michael Roks, thereby violating his right to confront and cross-examine adverse witnesses.
 
 
 9
 During the first trial, the government attempted to subpoena Roks, but could not locate him. Shields fails to show that counsel could have located Roks. Additionally, Shields argues that Roks would claim ownership to the firearms if he were made to testify. Nevertheless, Shields's expectations regarding Roks's testimony are speculative, at best, and Shields fails to show how Roks's testimony would help him, in light of the other evidence.
 
 
 10
 Because Shields cannot show prejudice, and because counsel's decision not to subpoena Roks was sound trial strategy, given the previous unsuccessful attempts to locate him, the district court did not err by denying Shields' second ineffective assistance claim. See id.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The government argues that Shields waived his claims in this appeal because he failed to support them with legal arguments, as required by Fed.R.App.P. 28(a)(6). Nevertheless, because we construe a pro se litigant's arguments liberally, we consider Shields' claims properly raised. See United States v. Eatinger, 902 F.2d 1383, 1385 (9th Cir.1990)
 
 
 [2]
 This court affirmed denial of Shields's motion to dismiss the indictment in a consolidated unpublished memorandum that also affirmed the judgment and conviction of his second trial. (Nos. 92-10651, 93-10296). We also affirmed in part and remanded Shields's § 2255 motion so the district court could consider his ineffective assistance of counsel claims. (No. 95-15158). After considering the issues on remand, the district court denied Shields's § 2255 motion. (CR-S-92-15-HDM (RLH). He now appeals