106 F.3d 411
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Benny R. SMITH, Defendant-Appellant.
 No. 95-30402.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 21, 1997.*
Decided Jan. 23, 1997.
 
 Before: O'SCANNLAIN, LEAVY, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Benny R. Smith appeals his conviction and 188-month sentence imposed following his guilty plea to distribution and possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.
 
 
 3
 Smith first contends that the district court erred by determining his base offense level because there was insufficient evidence that he was in constructive possession of 453.7 grams of cocaine base. We reject this contention because at his change of plea hearing, Smith admitted that he had access to the apartment in which the cocaine base was located and could remove the cocaine base from the apartment if he intended to sell it. See United States v. Sanchez-Mata, 925 F.2d 1166, 1169 (9th Cir.1991) (holding that government has proved "construction possession" if it shows that "the defendant both knows of the presence of the contraband and has the power to exercise dominion and control over it."); see also United States v. Anderson, 993 F.2d 1435, 1438 (9th Cir.1993) (noting that we accord great weight to the defendant's statements made in open court contemporaneously with his plea agreement). The district court explicitly questioned Smith regarding whether he was aware of the implications of his guilty plea and Smith answered in the affirmative. We therefore reject Smith's assertion that his sentence was improper because he did not possess the requisite amount of cocaine base.
 
 
 4
 Smith contends that his counsel was ineffective for advising him to enter into the plea agreement. Ineffective assistance of counsel claims are customarily raised in collateral proceedings because they involve facts outside of the appellate record. United States v. Daly, 974 F.2d 1215, 1218 (9th Cir.1992). We consider ineffective assistance claims on direct appeal when the appellate record contains sufficient evidence of the facts giving rise to the claim. See id. The record in this case is insufficient to allow review on direct appeal.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Smith's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3