106 F.3d 411
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Maurice SIMONEAU, Defendant-Appellant.
 No. 95-56493.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 21, 1997.*
Decided Jan. 24, 1997.
 
 Before: O'SCANNLAIN, LEAVY, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Maurice Simoneau, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion. Simoneau was sentenced to 97 months' imprisonment after pleading guilty to possession with intent to distribute methamphetamine and conspiracy to manufacture methamphetamine in violation of 21 U.S.C. §§ 841(a) and 846. He contends that: (1) the district court miscalculated his sentence; (2) there was an improper sentencing disparity between himself and his codefendant; and (3) his counsel was ineffective. We have jurisdiction pursuant to 28 U.S.C. § 2255. We review de novo, Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995), and we affirm.
 
 A. Drug Quantity Calculation
 
 3
 Simoneau contends that the district court erred when it converted the amount of ephedrine involved in the offense into its methamphetamine equivalent under U.S.S.G. § 2D1.1 rather than its marijuana equivalent under U.S.S.G. § 2D1.11. We disagree.
 
 
 4
 Because Simoneau was convicted of conspiracy to manufacture methamphetamine, the district court properly converted the amount of ephedrine into its methamphetamine equivalent pursuant to U.S.S.G. § 2D1.1. See United States v. Meyers, 993 F.2d 713, 716 (9th Cir.1993) (U.S.S.G. § 2D1.1 governs drug quantity calculations when defendant is convicted of conspiracy to manufacture methamphetamine); see U.S.S.G. § 2D1.11(c)(1) ("[i]f the offense involved unlawfully manufacturing a controlled substance, or attempting to manufacture a controlled substance unlawfully, apply § 2D1.1 ... if the resulting offense level is greater than that determined [under 2D1.11]") (1993); see also United States v. Bertrand, 926 F.2d 838, 846-47 (9th Cir.1991) (when amount of methamphetamine seized did not reflect scale of offense, district court properly calculated drug quantity based on amount of ephedrine).
 
 B. Ineffective Assistance of Counsel
 
 5
 Simoneau contends that counsel was ineffective for failing to raise the argument that drug quantity should have been calculated based on U.S.S.G. § 2D1.11 rather than 2D1.1. In light of our discussion above, we reject Simoneau's ineffective assistance claim for lack of prejudice. See Strickland v. Washington, 466 U.S. 668, 688 (1984).
 
 C. Sentencing Disparity
 
 6
 Simoneau contends that he should be resentenced because of the disparity in sentences between himself and his codefendant. For the reasons stated by the district court, we agree that the disparity in sentences was proper.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Simoneau's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3