106 F.3d 411
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Henry Lee WILLIAMS, Petitioner-Appellant,
v.
Theo WHITE, Warden, Respondent-Appellee.
 No. 96-15622.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 13, 1996.
Decided Jan. 24, 1997.
 
 Before: FLETCHER, WIGGINS, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Henry Lee Williams was convicted by a California court of murder committed in the course of a felony burglary. Williams appeals the district court's denial of his pro se petition for a writ of habeas corpus. Williams claims that he was denied due process under the Fifth and Fourteenth Amendments to the United States Constitution because at his retrial, which was necessitated by prosecutorial error, the trial court instructed the jury under a less favorable standard than that applied at Williams's first trial. We have jurisdiction under 28 U.S.C. § 2253 and we affirm.
 
 I. BACKGROUND
 
 3
 On December 7, 1982, Williams and Orrin Payne burglarized the San Jose home of Michael and Kathleen Hynan and killed Kathleen. Either Williams or Payne attacked Michael Hynan in the bedroom and told him to "shut up or I'll blow your fucking head off." The other intruder entered the family room and told Kathleen to put down the phone she was holding. She replied, "[p]lease don't shoot me." and was then shot twice, in the chest and arm. Kathleen died within minutes of the shooting.
 
 
 4
 Williams waived his speedy trial right and later escaped from jail. In 1985, Williams was apprehended and tried. The trial court instructed the jury that it must find intent to kill as an essential element of the felony-murder special circumstance, under Carlos v. Superior Court, 672 P.2d 862 (Cal.1983). The jury found Williams guilty of murder with special circumstances.
 
 
 5
 Williams appealed his conviction. While his appeal was pending, the California Supreme Court overruled Carlos in People v. Anderson, 742 P.2d 1306 (Cal.1987). Anderson held that "intent to kill is not an element of the felony-murder special circumstance; but when the defendant is an aider and abettor rather than the actual killer, intent must be proved." Id. at 1325. The California Court of Appeal affirmed Williams's conviction but granted him a writ of habeas corpus and reversed the special circumstance finding because the prosecution had failed to disclose exculpatory evidence.
 
 
 6
 At Williams's retrial on the special circumstance finding, the trial court denied his request for a Carlos instruction. The jury was unable to reach a decision and the trial court declared a mistrial. Williams was retried a second time. Again, the jury was instructed pursuant to Anderson that if it found Williams was the shooter, it need not find intent to kill, but that if it found Williams aided and abetted someone else it must also find that Williams intended to kill. The jury found true the felony-murder special circumstances.
 
 
 7
 Williams again appealed. The California Court of Appeal affirmed the special circumstances finding. The California Supreme Court denied Williams's petition for review. Williams then filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of California.
 
 
 8
 The district court considered only Williams's claim that he was denied due process by the trial court's refusal to instruct the retrial jury pursuant to Carlos. Williams argued that because the retrial was necessitated by prosecutorial misconduct, the trial court should have applied the more favorable standard which had been in effect at Williams's first trial.
 
 
 9
 The district court denied Williams's petition, finding that, because Williams committed his crime before Carlos was decided, the Carlos instruction given at his first trial was a fortuitous error that was corrected on retrial. This appeal followed.
 
 II. STANDARD OF REVIEW
 
 10
 We review de novo the district court's denial of a habeas petition filed under 28 U.S.C. § 2254. Martinez-Villareal v. Lewis, 80 F.3d 1301, 1305 (9th Cir.), cert. denied, 117 S.Ct. 588 (1996).
 
 III. APPLICATION OF ANDERSON
 TO PRE-CARLOS CRIMES
 
 11
 Williams committed his crime in December 1982. The California Supreme Court decided Carlos in December 1983. Because Williams waived his speedy trial right and then escaped from jail prior to trial, he was not tried until after Carlos became California law.
 
 
 12
 The California Supreme Court has held that retroactive application of Anderson to crimes committed before the Carlos decision does not violate the defendant's right to due process. People v. Poggi, 753 P.2d 1082, 1094-95 (Cal.1988), cert. denied, 492 U.S. 925 (1989); see also Hughes v. Borg, 898 F.2d 695, 705 (9th Cir.1990). The California Supreme Court also has held that Anderson applies on appeal to cases where the defendant committed the crime pre-Carlos, even if Carlos was applied at trial. People v. Whitt, 798 P.2d 849, 858-59 (Cal.1990), cert. denied, 501 U.S. 1213 (1991). Moreover, Anderson explained that the reasoning in Carlos reflected an erroneous understanding of the United States Supreme Court case on which it purported to rely (Enmund v. Florida, 458 U.S. 782 (1982)) and that the Carlos court misinterpreted the California death penalty statute. Anderson, 742 P.2d at 1326-31.
 
 
 13
 In Whitt, the court explained that the "law of the case" doctrine does not protect parties from unfavorable changes in the law and that a "well-settled exception exists where there has been a 'controlling' change in the law" between two decisions in the same case. 758 P.2d at 858. Whitt had committed his crime pre-Carlos and had first appealed while Carlos remained the law; the appellate court reversed Whitt's conviction because the trial court had failed to instruct the jury, under Carlos, that it must find intent to kill. Id. at 857. In upholding Whitt's conviction on retrial, the California Supreme Court rejected Whitt's argument that Carlos should continue to apply and held that Anderson applies on appeal to pre-Carlos crimes even if a Carlos instruction was given at trial. Id. at 857-58.
 
 
 14
 Williams seeks application of Carlos at a retrial, not on appeal from a conviction under the Carlos standard. Nevertheless, the reasoning in Whitt appears dispositive. The Whitt court explained that
 
 
 15
 application of Anderson ... simply precludes a possible third trial of the felony-murder special circumstance for redetermination of an issue which the law now deems to be immaterial [the intent of actual killers]. Defendant is in the same position as all appellants who personally committed felony murder before Carlos, ... including those whose trials were conducted while Carlos was the applicable law.
 
 
 16
 Id. at 858.
 
 
 17
 The California Court of Appeal, affirming Williams's conviction on retrial, relied in part on Whitt in finding that the jury properly was instructed under Anderson. In fact, Whitt would have supported the appellate court's application of Anderson to Williams's case even if the trial court had given the jury a Carlos instruction. See id. at 857-58. Thus, even were we to reverse Williams's conviction and return the case to state court for a third trial, under Carlos, Whitt indicates that Anderson will apply in any subsequent appellate proceeding.
 
 
 18
 We conclude that Whitt supports the application of Anderson to all post-Anderson decisions regarding pre-Carlos crimes, even if "fortuitous timing" resulted in the application of Carlos at an earlier stage of the same case. See id. at 858. The trial court did not deprive Williams of due process by instructing the retrial jury under Anderson.
 
 IV. HARMLESS ERROR
 
 19
 Even if the trial judge erred in instructing the jury under Anderson rather than Carlos, the error was harmless. The standard for determining whether habeas relief should be granted in a section 2254 petition is whether the alleged errors "had a substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 507 U.S. 619, 637 (1993) (citation and internal quotation marks omitted). Trial errors that do not meet this test are deemed harmless. Rice v. Wood, 77 F.3d 1138, 1144 (9th Cir.) (en banc), cert. denied, 117 S.Ct. 191 (1996).
 
 
 20
 The California Supreme Court has held that even where a defendant committed the crime within the "window" period between Carlos and Anderson, failure to instruct under Carlos is harmless error "when 'the evidence of defendant's intent to kill ... was overwhelming, and the jury could have had no reasonable doubt on that matter.' " People v. Osband, 919 P.2d 640, 678 (Cal.1996) (quoting People v. Johnson, 859 P.2d 673, 698 (Cal.1993)), cert. denied, --- S.Ct. ----, 1997 WL 2784 (Jan. 6, 1997).
 
 
 21
 At Williams's retrial, the jury was instructed that in order to find the special circumstance true, it must find either that Williams actually killed Kathleen Hynan or that he aided or abetted the killer with the intent "either to kill a human being or to aid another in the killing of a human being." The undisputed evidence was that Kathleen Hynan asked the actual killer not to shoot her and that the other intruder told Michael Hynan to "shut up or I'll blow your fucking head off." The only real controversy was whether Williams or Payne was the actual shooter.
 
 
 22
 We agree with the district court (and the California Court of Appeal) that the evidence was sufficient to persuade a rational jury beyond a reasonable doubt that both the actual killer and the non-shooter intended to kill a human being or to aid in the killing of a human being. Because sufficient evidence of intent to kill was before the jury regardless of whether it found that Williams was the actual shooter, any error in the felony-murder special circumstance instruction was harmless.
 
 V. CONCLUSION
 
 23
 The trial court did not deprive Williams of due process by applying Anderson at his retrial. The fact that retrial was required because of prosecutorial misconduct does not alter the retroactive application of Anderson. The district court properly denied Williams's habeas petition.
 
 
 24
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3