106 F.3d 411
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dion SMITH, aka Heavy-D, Defendant-Appellant.
 No. 96-50067.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 21, 1997.*
Decided Jan. 24, 1997.
 
 Before: O'SCANNLAIN, LEAVY, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner Dion Smith appeals his 120-month sentence, following a guilty plea to distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction, 28 U.S.C. § 1291, and affirm.
 
 
 3
 Smith contends that the government breached the plea agreement when it failed to file a U.S.S.G. § 5K1.1 motion, and thus the district court erred by declining to order the government to file such a motion. This contention lacks merit.
 
 
 4
 The standard of review is unclear. See United States v. Salemo, 81 F.3d 1453, 1460 (9th Cir.) (reviewing alleged breach of a plea agreement for clear error), cert. denied, 117 S.Ct. 436 (1996). But see United States v. Diamond, 53 F.3d 249, 252 (9th Cir.) (reviewing alleged breach of a plea agreement de novo), cert. denied, 116 S.Ct. 326 (1995). We need not resolve this issue, because under either standard, the government did not violate the plea agreement, and thus the district court properly declined to order the government to file a section 5K1.1 motion.
 
 
 5
 Plea agreements are governed by contract law standards. United States v. De la Fuente, 8 F.3d 1333, 1337 (9th Cir.1993). In determining whether a breach of the plea agreement occurred, we look to what the defendant reasonably understood to be the terms of the agreement when he pleaded guilty. Id.
 
 
 6
 Here, Smith's plea agreement expressly stated that the government:
 
 
 7
 is willing to consider future cooperation provided by you in determining whether [a U.S.S.G. § 5K1.1 motion] for departure [is] appropriate. You understand that any decision to move for a reduction of your sentence is within the discretion of this Office and that a decision by this Office not to file a motion for a downward departure will not allow you to withdraw your plea of guilty or fail to comply with your obligations as set forth in this agreement.
 
 
 8
 Given this language, Smith could not reasonably have understood that the government was required by the terms of the plea agreement to make a section 5K1.1 motion. See id. Accordingly, Smith's sentence is
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3