106 F.3d 411
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Weldon Eugene WIGGINS, II, Plaintiff-Appellant,
v.
James ROWLAND, Director, California Department of
Corrections; Duane Daniels; California Board of
Prison Terms, Defendants-Appellees.
 No. 96-15687.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 21, 1997.*
Decided Jan. 24, 1997.
 
 Before: O'SCANNLAIN, LEAVY, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Weldon Eugene Wiggins appeals pro se the district court's summary judgment for defendant Daniels in Wiggins's 42 U.S.C. § 1983 civil rights action. Wiggins alleged that Daniels violated Wiggins's constitutional rights by recommending to a parole board that an unlawful hold be placed on his parole. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), and affirm.
 
 
 3
 In Wiggins's prior appeal, we held that Daniels was entitled to absolute immunity if his conduct was in the course of supervising parolees. See Wiggins v. Rowland, No. 91-15606, (9th Cir. June 21, 1993). However, we reversed the district court's dismissal of Wiggins's claim against Daniels and remanded for further proceedings because we concluded that "[a]lthough Wiggins may be unable to support his claim factually, we cannot say that his action is frivolous upon the face of the complaint." Id.
 
 
 4
 On remand, the district court granted summary judgment for Daniels concluding that he was entitled to absolute quasi-judicial immunity. Specifically, the district court held that Daniels was entitled to summary judgment because Wiggins failed to submit any evidence raising a genuine issue of material fact as to whether Daniels was acting within the scope of his duties as Wiggins's parole officer when he recommended that a hold be placed upon Wiggins's parole. We agree. Accordingly, we affirm the district court's summary judgment for Daniels. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because Wiggins failed to assign any error to the district court's dismissal of his claim against defendant Rowland, we deem the issue waived on appeal