106 F.3d 411
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Roy Eugene TUCK, Defendant-Appellant.
 No. 95-56812.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 21, 1997.*
Decided Jan. 23, 1997.
 
 Before: O'SCANNLAIN, LEAVY, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Roy Eugene Tuck, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion seeking to vacate his sentence following his guilty plea conviction for conspiring to distribute and distributing methamphetamine. We have jurisdiction pursuant to 28 U.S.C. § 2255. We review de novo, Sanchez v. United States, 50 F.3d 1448, 1451-52 (9th Cir.1995), and we affirm.
 
 
 3
 Tuck contends that: (1) his sentence was improperly calculated because the government failed to prove that the substance he possessed was d-methamphetamine as opposed to l-methamphetamine and (2) that his trial counsel was ineffective for failing to raise the issue at sentencing. These contentions are foreclosed by United States v. McMullen, 98 F.3d 1155, 1157-58 (9th Cir.1996) (holding that defendants cannot raise d-meth/l-meth claim for the first time in a section 2255 motion and concluding that trial counsel's failure to pursue the issue at sentencing did not fall below an objective standard of reasonableness).[1]
 
 
 4
 Tuck next contends that the government withheld material evidence under Brady v. Maryland, 373 U.S. 83, 87 (1963) when it failed to provide him with a second laboratory report in a timely manner. That laboratory report, however, reflects that the substance in question was d-methamphetamine. Accordingly, Tuck cannot show that "there is a reasonable probability that had the evidence been disclosed to the defense, the result of the proceeding would have been different." See United States v. Alvarez, 86 F.3d 901, 904 (9th Cir.1996). The district court's judgment is therefore
 
 AFFIRMED.[2]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Tuck's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We do not address Tuck's claim that he was subjected to sentencing entrapment as he failed to raise it in his section 2255 motion and the district court did not address it. See United States v. Johnson, 988 F.2d 941, 945 (9th Cir.1993); see also Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir.1994) (cannot raise additional grounds for relief in traverse)
 
 
 [2]
 Tuck's motion for appointment of counsel is denied. To the extent that Tuck seeks sanctions against the government for alleged discovery violations, his request is denied